UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 06-40(DSD/FLN)

United States of America,

       Plaintiff,

v.                                                              **ORDER**

Arnold Fredrick Baker,

       Defendant.


This matter is before the court upon the government's objection to the report and recommendation of United States Magistrate Judge Franklin L. Noel, dated March 27, 2006. In his report, the magistrate judge recommends that the court grant defendant's motions to quash arrest and to suppress confessions and that the court suppress all fruits of the Terry stop.

The court reviews the reports and recommendations of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C). The government objects to the magistrate judge's conclusion that the officers did not have a reasonable, articulable suspicion to stop defendant, as required under Terry v. Ohio, 392 U.S. 1, 25-31 (1968). The government argues that the magistrate judge did not adequately consider defendant's behavior immediately before the officers stopped him and focused instead only on the reliability of the tip from a 911 caller that defendant possessed a gun. The government points to defendant's worried expression upon seeing the

police officers, his subsequent quick walk into a nearby bookstore and the alleged high crime nature of the surrounding area.

The court recognizes that, in combination with the 911 call a day earlier, the officers in this case may have honestly believed they had a reasonable suspicion to stop defendant.  Nonetheless, the court finds that the report and recommendation of the magistrate judge is well reasoned and correctly addresses the "totality-of-the-circumstances" in resolving the issue surrounding the Terry stop.  Illinois v. Gates, 462 U.S. 213, 233 (1983).  In particular, the magistrate judge took defendant's behavior into consideration and correctly concluded that he had a right to go about his business by deciding "to walk quickly away from the approaching police officers and enter the nearby bookstore."  (R&R at 11.)

The cases the government cites in support of its argument are distinguishable because they involve undisputedly high crime areas and either actual flight by the defendant or a specific finding that the defendant's movements were provoked only by the unexpected appearance of police.  See Illinois v. Wardlow, 528 U.S. 199, 124 (2000) (unprovoked, actual flight in high crime area can constitute reasonable suspicion); United States v. Gordon, 231 F.3d 750, 757 (11th Cir. 2000) ("critical point" was that in high crime area surrounded by abandoned buildings, unexpected appearance of police was only provocation for defendant's decision to quickly get into

nearby car and drive away). By contrast, in this case the government has provided no evidence to support a finding that defendant was in a high crime area.[1] Further, the circumstances do not suggest that the appearance of the police officers must have been the only provocation for defendant to walk quickly into a nearby bookstore in downtown Minneapolis.

For all of the above reasons, the government's objections as to the Terry stop are overruled. Therefore, after a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge [Doc. No. 29] in its entirety. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to quash arrest [Doc. No. 17] is granted.

2. Defendant's motion to suppress confessions or statements in the nature of confessions [Doc. No. 22] is granted.

3. All fruits of the Terry stop, including the firearm seized and all statements made by defendant, are suppressed.

Dated:  April 26, 2006

s/David S. Doty
David S. Doty, Judge
United States District Court

---

[1] The government asserts that the court should take judicial notice of the high crime in the relevant area. However, the government provides no basis for taking such notice, and the court declines to do so, even though the court is aware of community concerns of safety for the area in question.